### WESCHLER v. JOHN A. McCARTHY & BRO.

(Supreme Court, Appellate Term, First Department. February 13, 1914.)

BILLS AND NOTES (§ 92*)—CONSIDERATION FOR CHECK—SUFFICIENCY.

 The president of an improvement company, which was constructing a building, to procure a larger loan from a first mortgagee misrepresented the amount of the improvement company's debt to defendant as $5,700 instead of $4,700. Afterwards, upon paying the defendant $5,700, defendant in return gave his check for $1,000. Held, that there was a sufficient consideration for the check given by defendant.

 [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. § 92.*]

Appeal from City Court of New York, Trial Term.

Action by J. Charles Weschler against John A. McCarthy & Brother. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Weschler & Kohn, of New York City, for appellant.
Feltenstein & Rosenstein, of New York City, for respondent.

BIJUR, J. This action was brought to recover some $1,600 upon a check made by defendant to plaintiff's order. The defense interposed was want of consideration.

It appears that defendant had furnished materials to the value of $4,700, to the Kramer Improvement Company, which was constructing No. 146 West 142d street. The improvement company, being unable to pay its creditors, secured an additional loan from the first mortgagee. In order to facilitate the completion of the building, a corporation known as the No. 146 West 142d Street Corporation was formed, to which, apparently, the title to the premises was conveyed. It is claimed that Kramer, president of the improvement company, in order to procure a larger loan, misrepresented the amount of the improvement company's indebtedness to defendant as $5,700 instead of $4,700. It is also claimed that Kramer insisted that defendant should make an allowance of 15 per cent. on his claim of $4,700. Subsequently, in the presence or on the suggestion of Kramer, the plaintiff, as treasurer of No. 146 West 142d Street Corporation, tendered defendant a check for $5,700, to cover defendant's claim, but insisted that defendant should give to plaintiff a check for the difference between that amount and the amount of his claim, plus the 15 per cent. of the amount of his claim. This defendant thereupon did, as he says, in order to procure payment.

The complaint based upon this last-named check was dismissed, apparently on the theory that, some fraud having been committed upon the first mortgagee, the overpayment belonged to it and not to the plaintiff. The argument, however, is without merit. The testimony adduced shows that the money to finish the building was advanced to the Kramer Improvement Company, and that out of the same $5,700 was paid, at the instance of the improvement company, to defendant, which, also at the instance of the improvement company, gave its (defendant's) check for what might be called "the change" plus 15 per cent. There was therefore ample consideration for at least so much of the check as represents the difference between defendant's claim, at its face value, and the amount of the payment made to it, namely, approximately $1,000.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.